

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:04CV-495-H

YOUNG AND ASSOCIATES, INC.　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF
d/b/a ANDY FRAIN SERVICES and
VETERAN SECURITY OF KENTUCKY, INC.

V.

ANDY FRAIN SERVICES, INC and　　　　　　　　　　　　　　　　　　　　　　　DEFENDANTS
DAVID H. CLAYTON

**MEMORANDUM OPINION AND ORDER**

Plaintiff Young and Associates ("Plaintiff" or "Young and Associates") filed this action, asserting that Defendants Andy Frain Services and David H. Clayton (collectively "Defendants") violated the terms of a May 19, 1998 Trademark Assignment Agreement ("the 1998 Agreement") between the parties by entering into a contract with Western Kentucky University ("the Western Kentucky Contract"). Plaintiff Veteran Security of Kentucky was later joined to this lawsuit. Defendants have filed for summary judgment, asserting, *inter alia*, that Plaintiffs' claims fail because Defendants lost money on the Western Kentucky Contract and because Defendants' actions did not constitute a violation of the 1998 Agreement. The Court will deny Defendants' motion for summary judgment, except specifically as to Plaintiff's claim of compensatory damages.

I.

Logan Young is president of Young and Associates, Inc. On May 19, 1998, Young and Associates and David Clayton entered into a Trademark Assignment Agreement. At issue were the tradename "Andy Frain Services," the service mark "Andy Frain," and associated insignia

(collectively "the Marks"). In the 1998 Agreement, the parties agreed that Young and Associates would have exclusive use of the Marks and associated goodwill throughout Kentucky and Southern Indiana, while David Clayton would have exclusive use in the remainder of the United States. David Clayton subsequently assigned his rights under the 1998 Agreement to Andy Frain Services, Inc.

Defendant Andy Frain Services, Inc. bid for and was awarded the contract for providing event services at Western Kentucky University ("WKU") for the 2003 men's and women's basketball season. Defendants assert that Andy Frain Services, Inc. contacted Logan Young *before* bidding on the Western Kentucky Contract and that Young indicated that "he did not care" whether Andy Frain Services, Inc. bid on that contract. Young now appears to assert that he did not grant Andy Frain Services, Inc. permission to bid on the Western Kentucky Contract.

Defendants assert that they made no use of the "Andy Frain" service mark during the bidding for and execution of this contract, except in bid documents to WKU. Its employees at the games did not wear any clothing or carry any equipment with the "Andy Frain Services" tradename, except for handheld radios, on the back of which were engraved the tradename. For the purposes of the Western Kentucky Contract, the company in fact registered an alternate name with the Kentucky Secretary of State the "doing business as" ("d/b/a") name of "AFS Event Services, Inc."

Plaintiffs filed this suit on February 20, 2004 in Jefferson County Circuit Court and the case was subsequently removed to this Court. Plaintiffs seek the lost profits from the WKU Contract and attorney's fees under a variety of claims. Andy Frain Services Inc. asserts that it lost $11,635.90 on the Western Kentucky Contract and that the circumstances of this case are not

"exceptional" for the purposes of attorney's fees, as that term is used in the relevant statute. *See* 15 U.S.C. § 1117(a). *See also Hindu Incense v. Meadows*, 692 F.2d 1048, 1051 (6th Cir. 1982) (stating that, in this context, a case is not "exceptional" unless "the infringement was malicious, fraudulent, willful, or deliberate). Having benefitted from excellent briefs filed by both sides and insightful discussion with counsel in chambers, the Court is now prepared to rule on Defendants' motion for summary judgment.

## II.

The Court first finds that the issue of compensatory damages is closed. Defendants have submitted a balance sheet as to their contract with WKU showing a net loss of $11,635.90. No firm evidence has been submitted that indicates that these figures are inflated or otherwise fraudulent in any way. Therefore, the court will grant Defendants' motion for summary judgment so far as the Plaintiff seeks compensatory damages related to the Western Kentucky Contract.

However, several issues remain. Sufficient evidence exists to support a conclusion that Defendants committed a technical if *de minimus* violation of the 1998 Agreement by entering into the Western Kentucky Contract. Although the Court has ruled that the Plaintiffs are not entitled to compensatory damages, nominal damages may be available in a trademark case like this one. *See* 15 U.S.C. § 1117(a) ("If the court shall find that the amount of the recovery based on profits is either inadequate . . . the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case). Plaintiffs further argue that they are entitled to attorney's fees because this case is "exceptional" under the *Hindu Incense* standard. The Court reaches no final conclusion on this issue, but suggests that the case

for attorney's fees here would be difficult. However, the Court concludes that the remainder of Defendants' motion for summary judgment should be denied at this time.

By separate order the Court will set a conference with the parties. The Court looks forward to further discussing these issues with parties and counsel at that conference. For all these reasons and the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion for summary judgment is GRANTED as to the issue of compensatory damages. However, the remainder of Defendant's motion for summary judgment is DENIED.

cc:     Counsel of Record